UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM DEAN HAWTHORNE,

           Petitioner,

v.

STATE OF WASHINGTON,

           Respondent.

Case No. C19-656-RSM-MLP

REPORT AND RECOMMENDATION

## I. INTRODUCTION

Petitioner, a state prisoner, is proceeding *pro se* in this 28 U.S.C. § 2254 habeas action. Currently before the Court is Petitioner's response to the Court's Order to Show Cause why this action should not be dismissed. As discussed below, the Court recommends that this action be DISMISSED with prejudice because it was filed after the statute of limitations period expired.

## II. BACKGROUND

According to the petition, in January 2018, Petitioner pleaded guilty to one count of First Degree Rape of a Child and one count of Fourth Degree Assault with Sexual Intent, and the King County Superior Court sentenced him to 123 months to life. (Dkt. # 1 at 1.) Petitioner did not file a direct appeal or seek collateral review in the state courts of his conviction or sentence because

REPORT AND RECOMMENDATION - 1

of his mistaken belief that the state courts have no jurisdictional authority over federal constitutional matters. (*See id.* at 2-5.) He seeks habeas relief on the grounds that he was denied his constitutional right to a preliminary hearing and jury trial. (*Id.* at 6.)

The Court screened the petition and determined that there were at least two reasons the action could not proceed: It was untimely, and Petitioner failed to exhaust his state-court remedies. (*See* Dkt. # 6.) The Court thus ordered Petitioner to show cause why this action should not be dismissed. (*Id.*)

As the Court explained to Petitioner, the one-year limitations period in § 2254 habeas actions starts to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In this case, the Court explained, the only applicable provision is § 2244(d)(1)(A). Petitioner was convicted and sentenced in January 2018. Construing the petition in the light most favorable to Petitioner, the Court assumed that the judgment was entered on January 31, 2018, and that Petitioner did not waive his right to appeal by agreeing to the plea bargain. Based on these assumptions, the time for seeking direct review expired 30 days later on March 2, 2018. *See* Wash. RAP 5.2(a). Petitioner did not sign his federal habeas petition until

REPORT AND RECOMMENDATION - 2

April 23, 2019, over 365 days later, and therefore it appeared to be barred by the statute of limitations. (Dkt. # 6 at 2.)

The Court also informed Petitioner that the statute of limitations may be tolled in certain circumstances, but that the allegations in the habeas petition did not suggest that any exception applies. (*Id.* at 2 n.1 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 412-14 (2005) (statute of limitations tolled for properly filed collateral state challenge to the pertinent judgment or claim); *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (equitable tolling of statute of limitations available where petitioner shows (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented timely filing); *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (statute of limitations equitably tolled where petitioner establishes that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)))).)

The Court further advised Petitioner that it appeared he failed to properly exhaust his claims by presenting them to the state court of appeals and supreme court, and now his federal claims are procedurally defaulted. (*Id.* at 2-3.) If a petitioner is procedurally barred from presenting his federal claims to the appropriate state court at the time he files his federal habeas petition, the claims are deemed to be procedurally defaulted for purposes of federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). The Court explained that Petitioner would be procedurally barred by the one-year limitations period for filing state-court collateral attacks on his judgment and sentence, which began to run on the date his judgment and sentence were filed with the clerk of the trial court. *See* RCW 10.73.090(1), (3)(a). The Court went on to note that because Petitioner's federal claims appear to be procedurally defaulted, the Court could only review them if he showed "cause and prejudice" for the default. *See Coleman v. Thompson*,

REPORT AND RECOMMENDATION - 3

501 U.S. 722, 750 (2007). "Cause" may be satisfied if Petitioner showed that some objective factor external to the defense prevented him from complying with the state's procedural rule. *Id.* at 753. "Prejudice" may be satisfied if Petitioner showed "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphases in original). There was no suggestion in Petitioner's habeas petition that he could establish cause and prejudice. (Dkt. # 6 at 3.)

Petitioner timely responded to the Order to Show Cause. (Dkt. # 7.)

### III.   DISCUSSION

Petitioner's response to the order to show cause does not set forth a basis for allowing this matter to go forward. Petitioner's primary complaint is that Article I, Section 26 of the Washington State Constitution—"No grand jury shall be drawn or summoned in any county, except the superior judge thereof shall so order"—is unconstitutional on its face and violates the Fifth Amendment to the U.S. Constitution's guarantee that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ." (Dkt. # 7 at 1-3, 5.) He is incorrect. "[T]he right to a grand jury has not been applied to the states via the Fourteenth Amendment." *Jones v. Becerra*, No. 17-7846, 2018 WL 6177253, at *8 (C.D. Cal. Feb. 7, 2018) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 499 (2000); *Gautt v. Lewis*, 489 F.3d 993, 1003 n.10 (9th Cir. 2007)). Therefore, the Washington Constitution does not violate the U.S. Constitution.

Petitioner also incorrectly asserts that this § 2254 action "is not . . . a mechanism requesting a federal review of Petitioner's judgment . . . ," and therefore he does not need to comply with the statute of limitations and exhaustion requirements. (Dkt. # 7 at 1.) This § 2254

REPORT AND RECOMMENDATION - 4

... 

habeas action is *precisely* a review of his state court judgment. Moreover, even assuming Petitioner is not required to exhaust his state court remedies, as he argues (*id.* at 7), he asserts no basis upon which to avoid the statute of limitations. He does not dispute the Court's conclusion, explained above, that he filed his Petition after the limitations period expired, and he has not alleged any reason why the limitations period should be extended. His petition must be dismissed for this reason alone.

Petitioner attempts to avoid this outcome by citing 28 U.S.C. §§ 2241 and 1343. (*Id.* at 2, 4, 6.) Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such as pretrial detention or awaiting extradition. *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc); *see also Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (§ 2241's general grant of habeas authority is available to someone who is not in custody pursuant to a state court judgment, such as someone in a criminal trial or awaiting extradition); *McNeely v. Blanas*, 336 F.3d 822, 824 & n. 1 (9th Cir. 2003) (allowing a pretrial detainee asserting a speedy trial claim to proceed under § 2241). Because Petitioner is incarcerated pursuant to a state court judgment, he cannot proceed under § 2241. *See White*, 370 F.3d at 1009-10 ("[Section] 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.").

Section 1343 also fails to provide a basis for this lawsuit to go forward. Section 1343 grants district courts jurisdiction over certain civil actions. *See* 28 U.S.C. § 1343. To the extent Petitioner wishes to bring a civil action authorized by § 1343, he must file a separate lawsuit. He cannot bring such claims in a habeas petition. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th

1  Cir. 2016) (holding that a 42 U.S.C. § 1983 action is the exclusive vehicle for claims brought by
2  state prisoners that are not within the core of habeas corpus).

3  ### IV.   CERTIFICATE OF APPEALABILITY

4  A petitioner seeking post-conviction relief under § 2254 may appeal a district court's
5  dismissal of his federal habeas petition only after obtaining a certificate of appealability from a
6  district or circuit judge. A certificate of appealability may issue only where a petitioner has made
7  "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A
8  petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the
9  district court's resolution of his constitutional claims or that jurists could conclude the issues
10 presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537
11 U.S. 322, 327 (2003). Under this standard, the Court concludes that Petitioner is not entitled to a
12 certificate of appealability for any of his grounds for relief.

13 ### V.   CONCLUSION

14 The Court recommends that this action be DISMISSED with prejudice and that a
15 certificate of appealability be DENIED as to all grounds for relief. A proposed order
16 accompanies this Report and Recommendation.

17 Objections to this Report and Recommendation, if any, should be filed with the Clerk and
18 served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this
19 Report and Recommendation. Objections, and any response, shall not exceed three pages. Failure
20 to file objections within the specified time may affect your right to appeal. Objections should be
21 noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are
22 served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days
23

after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

The Clerk is directed to send copies of this order to Petitioner and to the Honorable Ricardo S. Martinez.

Dated this 11th day of July, 2019.

                                    *[signature]*
MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7